1  Richard S. deSaulles – State Bar No. 255419
   LAW OFFICES OF RICHARD S. DESAULLES
2  479 Pacific Street, Suite 5A
   Monterey, California 93940
3  Telephone: (831) 402-2195
   Facsimile: (866) 998-8787
4  rich@rdlawoffices.com

5  Attorneys for Plaintiff,
   Tamara Johnston




# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA JOHNSTON, | Case No. 10 3592 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR A JURY TRIAL** |
| COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; SHERIFF BILL COGBILL, individually and in his capacity as Sheriff of Sonoma County Sheriff's Department; DEPUTY OFFICER JOHN GILLETTE, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; DEPUTY OFFICER JEFFREY TONEY, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; DEPUTY OFFICER JUAN VELENCIA, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; and DOES 1-100, Inclusive, | |
| Defendants. | |

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. § 1983, 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and state law where applicable.

- 1 -

JOHNSTON V. COUNTY OF SONOMA, ET AL.                                    COMPLAINT

2. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and 1343(a)(3), (4).

**VENUE**

3. Plaintiff Tamara Johnston's claims herein arise out of an incident involving Sonoma County Sheriff's Department deputy officers, in the City of Windsor, County of Sonoma, State of California, and within this judicial district.

**PARTIES**

4. Plaintiff TAMARA JOHNSTON (hereinafter, "Plaintiff") is currently a resident of Windsor, California, and at all times relevant to the allegations of this complaint was a citizen of the United States and resident of Sonoma County.

5. Defendant COUNTY OF SONOMA is a municipal corporation, duly organized and existing under the laws of the State of California.

6. Defendant SONOMA COUNTY SHERIFF'S DEPARTMENT is a public agency subject to suit.

7. At all times relevant to this action, defendant DEPUTY OFFICER JOHN GILLETTE was a police officer employed by the Sonoma County Sheriff's Department to perform duties in the County of Sonoma. At all relevant times, DEPUTY OFFICER JOHN GILLETTE was acting as the agent, servant, and employee of Defendant COUNTY OF SONOMA. DEPUTY OFFICER JOHN GILLETTE is sued individually and in his official capacity.

8. At all times relevant to this action, defendant DEPUTY OFFICER JEFFREY TONEY was a police officer employed by the Sonoma County Sheriff's Department to perform duties in the County of Sonoma. At all relevant times, DEPUTY OFFICER JEFFREY TONEY was acting as the agent, servant, and employee of Defendant COUNTY OF SONOMA. DEPUTY OFFICER JEFFREY TONEY is sued individually and in his official capacity.

9. At all times relevant to this action, defendant DEPUTY OFFICER JUAN VELENCIA was a police officer employed by the Sonoma County Sheriff's Department to perform duties in the County of Sonoma. At all relevant times, DEPUTY OFFICER JUAN

1  VELENCIA was acting as the agent, servant, and employee of Defendant COUNTY OF
2  SONOMA. DEPUTY OFFICER JUAN VELENCIA is sued individually and in his official
3  capacity.

4    10. At all times relevant to this action, defendant SHERIFF BILL COGBILL was the
5  duly appointed Sheriff of the Sonoma County Sheriff's Department. In this capacity, SHERIFF
6  BILL COGBILL was:

   a. The commanding officer of defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY and DEPUTY OFFICER JUAN VELENCIA and was responsible for their hiring, training, supervision, and conduct.

   b. Responsible by law for enforcing the regulations of the Sonoma County Sheriff's Department and for ensuring that Sonoma County Sheriff's Department police personnel obey the laws of the State of California and of the United States.

   c. Acting as the agent, servant, and employee of Defendant COUNTY OF SONOMA. This defendant is sued individually and in his official capacity.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by their acts.

12. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein as DOES 1-100 was the agent and employee of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

# FACTUAL ALLEGATIONS

A. **General Allegations on the Policies and Practices of the Sonoma County Sheriff's Department.**

13. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the governmental entity defendants and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things,

 a. Subjecting people to unreasonable uses of force against their persons;

 b. Subjecting people to unlawful entry by police into private property;

 c. Subjecting people to unreasonable searches and seizures;

 d. Subjecting people to medical treatment against their wishes;

 e. Selecting, hiring, retaining, and assigning employees with demonstrable propensities for excessive force, violence, psychological instability, dishonesty, and/or histories of other misconduct;

 f. Failing to adequately train, supervise, and control employees in the dangers related to the detention, seizure, and arrest of private citizens, including, but not limited to, the application and use of force against private citizens such as Plaintiff;

 g. Failing to adequately train, supervise, and control employees in the dangers related to the use of force, for the taking into custody of persons such as Plaintiff, who are not engaged in serious criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

 h. Failing to adequately train, supervise, and control employees related to arrests for violations of Penal Code 148(a)(1), commonly referred to as "obstruction of justice;"

1      i.      Failing to adequately discipline officers involved in misconduct; and

2      j.      Condoning and encouraging officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

14. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the public entity defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth herein. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiff.

### B. The Plaintiff: Tamara Johnston.

15. On the date of the incident, Plaintiff Tamara Johnston was a 45 year-old married woman who resided with her husband in the City of Windsor, County of Sonoma, California.

16. Plaintiff has earned Bachelor's and Master's degrees in psychology and previously worked for years as a drug counselor and in battered women's shelters.

17. When she was eighteen years old, Plaintiff was involved in a serious motor vehicle accident that resulted in Plaintiff fracturing her vertebrae. In the years since that accident, Plaintiff has endured and been diagnosed with various medical conditions including, but not limited to lyme disease and chronic pain syndrome. For several years leading up to the date of the incident giving rise to this lawsuit, Plaintiff received daily medical treatment and medication for her illnesses and injuries.

18. At all times relevant to this incident, Plaintiff is a disabled person.

### C. Allegations Regarding the Unlawful Detention And Arrest of Plaintiff Tamara Johnston.

19. At approximately 9:50 pm on August 15, 2008, Plaintiff fell in the driveway of her home located in the City of Windsor, County of Sonoma, California.

20. Shortly after Plaintiff's fall, a neighbor who witnessed Plaintiff's fall called 911 to report that they had seen Plaintiff fall and that Plaintiff may have been injured. The neighbor who called 911 *did not* report any domestic violence involving Plaintiff.

21. After her fall, Plaintiff struggled to walk to the gated side yard of her private property before resting on the ground there.

22. Defendant DEPUTY OFFICER JUAN VALENCIA was first on scene and he interviewed Plaintiff's husband in front of Plaintiff's residence.

23. While defendant DEPUTY OFFICER JUAN VALENCIA was interviewing Plaintiff's husband in front of her residence, defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY OFFICER JEFFREY TONEY, without permission or probable cause, opened a closed gate and entered the private property of Plaintiff, confronting Plaintiff while she was on the ground there.

24. At the time defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY OFFICER JEFFREY TONEY entered Plaintiff's private property, Plaintiff was neither legally intoxicated nor did she commit any public crime.

25. At the time defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY OFFICER JEFFREY TONEY entered Plaintiff's property, neither had an arrest or search warrant.

26. Shortly after defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY OFFICER JEFFREY TONEY entered Plaintiff's private property, defendant DEPUTY OFFICER JOHN GILLETTE demanded that Plaintiff stand up, and Plaintiff informed him that she'd just recently hurt her knee.

27. After Plaintiff informed defendant DEPUTY OFFICER JOHN GILLETTE that she'd just recently hurt her knee, defendant DEPUTY OFFICER JOHN GILLETTE told Plaintiff that medical personnel would treat Plaintiff's injured knee.

28. Plaintiff clearly and unequivocally informed defendant DEPUTY OFFICER

- 6 -

JOHNSTON V. COUNTY OF SONOMA, ET AL.　　　　　　　　　　　　　　　　　　　　　　　　　　　　COMPLAINT

1  JOHN GILLETTE and DEPUTY OFFICER JEFFREY TONEY that she did not wish to receive
2  medical treatment.

3      29. After Plaintiff informed defendants DEPUTY OFFICER JOHN GILLETTE and
4  DEPUTY OFFICER JEFFREY TONEY that she did not wish to receive medical treatment,
5  defendant DEPUTY OFFICER JOHN GILLETTE demanded that Plaintiff stand up.

6      30. Plaintiff refused to stand up on her injured knee, as demanded by defendant
7  DEPUTY OFFICER JOHN GILLETTE.

8      31. Defendant DEPUTY OFFICER JOHN GILLETTE then initiated harsh and
9  aggressive physical contact with Plaintiff's person by grabbing her arms and shoulders in order
10 to force Plaintiff to her feet.

11     32. Shortly after defendant DEPUTY OFFICER JOHN GILLETTE initiated physical
12 contact with Plaintiff's person, defendant DEPUTY OFFICER JEFFREY TONEY also
13 aggressively grabbed Plaintiff's arms and shoulders in an attempt to force Plaintiff to stand on
14 her injured knee.

15     33. While defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY
16 OFFICER JEFFREY TONEY were aggressively trying to force Plaintiff to stand on her injured
17 knee, she grabbed the nearby fence to steady herself.

18     34. When defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY
19 OFFICER JEFFREY TONEY were unable to force Plaintiff to stand, they both aggressively and
20 forcefully forced her back onto the ground and handcuffed Plaintiff.

21     35. Despite repeated refusals, defendants DEPUTY OFFICER JOHN GILLETTE
22 and DEPUTY OFFICER JEFFREY TONEY, forced Plaintiff to submit to medical treatment by
23 paramedics who arrived on scene.

24     36. While Plaintiff was being manhandled by defendants DEPUTY OFFICER JOHN
25 GILLETTE and defendant DEPUTY OFFICER JEFFREY TONEY, she could clearly see and
26 hear her dogs barking and getting upset. At that time, Plaintiff was fearful for both her own
27 safety as well as the safety of her dogs.

28     37. Shortly after Plaintiff was manhandled by defendants DEPUTY OFFICER

LAW OFFICES OF RICHARD S. DESAULLES
479 Pacific street, Suite 5A
Monterey, CA 93940

JOHN GILLETTE and defendant DEPUTY OFFICER JEFFREY TONEY, she was bleeding from her knee, and feeling severe pain in her arms, shoulders and back.

38. After receiving medical treatment against her wishes, Plaintiff was placed in the back of a police car. At that time, Plaintiff asked defendant DEPUTY OFFICER JOHN GILLETTE why she was being arrested. Plaintiff was informed by defendant DEPUTY OFFICER JOHN GILLETTE that she was being arrested for "trying to escape" from the police.

39. On August 17, 2008, two days after the incident, defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY and DEPUTY OFFICER JUAN VELENCIA each submitted police reports which contained misrepresentations of fact, false statements, exaggerations, and intentional omissions of material and/or exculpatory facts.

40. Plaintiff is informed and believes and thereon alleges, that defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY and DEPUTY OFFICER JUAN VELENCIA, and each of them, conspired and acted in concert in order to cover up the misdeeds of their fellow defendants, and each of them, by manufacturing police reports which contained misrepresentations of fact, false statements, exaggerations, and intentional omissions of material and/or exculpatory facts.

41. Plaintiff was subsequently charged with violating Penal Code Section 148(a)(1). *(Sonoma County Superior Court Criminal Case No. SCR-544509.)* Plaintiff was never charged for trying to escape from police custody.

42. By August 2009, the criminal charges against Plaintiff were dismissed.

43. Neither defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, nor DEPUTY OFFICER JUAN VELENCIA ever had the requisite probable cause or reasonable suspicion that Plaintiff had committed any public crime in order to detain or arrest Plaintiff.

44. Neither DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, nor DEPUTY OFFICER JUAN VELENCIA ever had any authority to force Plaintiff to submit to medical treatment against her wishes.

### D. Allegations Regarding the Training Deficiencies of the Sonoma County Sheriff's Department.

45. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the public entity defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the negligent training of employees, including, but not limited to, Officers Gillette, Toney and Valencia. Defendants' conduct including, but not limited to the allegations herein, constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiff.

### DAMAGES

46. On August 15, 2008, Plaintiff was still receiving *daily* medical treatment for pre-existing injuries and illness.

47. As a direct and proximate result of defendants' conduct, Plaintiff suffered severe pain and physical injuries including, but not limited to, the exacerbation of the preexisting injury to Plaintiff's back, and injuries to her arms, shoulders, and body. As a further proximate result of defendants' conduct, Plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of her sense of security, dignity, and pride in an amount according to proof.

48. As a further direct and proximate result of defendants' conduct, Plaintiff has incurred, and will continue to incur, hospital, medical, doctor, nursing, psychological care and treatment, and related expenses in an amount according to proof.

49. As a further direct and proximate result of defendants' conduct, Plaintiff has incurred, and will continue to incur, loss of wages and earning capacity in an amount according to proof.

50. As a further direct and proximate result of defendants' conduct, Plaintiff incurred various legal expenses and other fees and costs, in an amount according to proof.

51. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of her civil rights.

52. The conduct of defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA was committed knowingly, deliberately, and maliciously, with the intent to oppress, injure, and harass Plaintiff, and in reckless disregard to the constitutional rights, personal security and safety of Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA.

## FIRST CAUSE OF ACTION

42 U.S.C. §1983 – EXCESSIVE FORCE

(Against Defendants DEPUTY OFFICER JOHN GILLETTE,
DEPUTY OFFICER JEFFREY TONEY, and DOES 1 through 100, inclusive)

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 52 of this Complaint for Damages.

54. In doing the acts complained of, defendants DEPUTY OFFICER JOHN GILLETTE and DEPUTY OFFICER JEFFREY TONEY acted under color of law to deprive the Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and

   b. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution.

55. As a proximate result of defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth in an amount according to proof.

**WHEREFORE**, Plaintiff prays for relief as set forth.

- 10 -

JOHNSTON V. COUNTY OF SONOMA, ET AL.      COMPLAINT

## SECOND CAUSE OF ACTION

42 U.S.C. §1983 – *MONELL* CLAIMS

(Against Defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, and DOES 1-100)

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 of this Complaint for Damages.

57. Defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, and DOES 1-100, and each of them, deprived Plaintiff of certain rights, privileges, and immunities secured by the Constitution and laws of the United States, including the First, Fourth, Fifth, and Fourteenth Amendments by maintaining, enforcing, tolerating, permitting, acquiescing in, and applying policies, practices, or customs and usages that:

    a. Subjects people to unreasonable uses of force against their persons;

    b. Subjects people to unlawful entry by police into private property;

    c. Subjects people to unreasonable searches and seizures;

    d. Subjects people to medical treatment against their wishes;

    e. Selects, hires, retains, and assigns employees with demonstrable propensities for excessive force, violence, psychological instability, dishonesty, and/or histories of other misconduct;

    f. Fails to adequately train, supervise, and control employees in the dangers related to the detention, seizure, and arrest of private citizens, including, but not limited to, the application and use of force against private citizens such as Plaintiff;

    g. Fails to adequately train, supervise, and control employees in the dangers related to the use of force, for the taking into custody of persons such as Plaintiff, who are not engaged in serious criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

    h. Fails to adequately train, supervise, and control employees related to arrests for violations of Penal Code 148(a)(1), commonly referred to as "resisting arrest;"

  i.  Fails to adequately discipline officers involved in misconduct; and

  j.  Condones and encourages officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

58. In acting as herein alleged, defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, and DOES 1-100, and each of them, have demonstrated a deliberate indifference to this pattern and practice of constitutional violations by enacting the policies, customs, and practices as alleged in this Complaint and by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetration of said pattern of conduct by Sonoma County Sheriff's Department police officers. The lack of an adequate supervisorial response coupled by the ratification and endorsement of the actions of defendant police officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA by defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, and DOES 1-100, and each of them, demonstrates the existence of both a formal and an informal custom or policy which tolerates and promotes the continued use of unlawful violations of the civil rights of citizens by Sonoma County Sheriff's Department police officers.

59. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, and DOES 1-100, and each of them, and their supervisory officials and employees to violations of the constitutional rights of persons by defendant police officers herein, and other members of the Sonoma County Sheriff's Department. Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, and DOES 1-100, and each of them, to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiff prays for relief as set forth.

## THIRD CAUSE OF ACTION

42 U.S.C. §1983 – UNLAWFUL SEIZURE AND IMPRISONMENT

(Against Defendants DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, inclusive)

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 59 of this Complaint for Damages.

61. In doing the acts complained of, defendant officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, and each of them, acted under color of law to deprive the Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

   c. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

62. As a proximate result of defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth in an amount according to proof.

63. The conduct of defendant officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, and each of them, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic society. However, in order to deliberately injure Plaintiff, defendant officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, and each of them, committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon Plaintiff, thereby justifying an award of punitive damages.

1  **WHEREFORE**, Plaintiff prays for relief as set forth.

### FOURTH CAUSE OF ACTION

42 U.S.C. §1983 – FAILURE TO RESPECT
PLAINTIFF'S RIGHT TO REFUSE MEDICAL TREATMENT

(Against Defendants DEPUTY OFFICER JOHN GILLETTE,
DEPUTY OFFICER JEFFREY TONEY, DEPUTY OFFICER
JUAN VELENCIA, and DOES 1 through 100, inclusive)

64.  Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of this Complaint for Damages.

65.  In doing the acts complained of, defendants officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, and each of them, acted under color of law to deprive the Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The rights to free speech and freedom of religion, as guaranteed by the First Amendment to the United States Constitution;

   b. The right to be free from unjustified intrusions onto personal security, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution;

   d. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and

   e. The right to privacy, as guaranteed by the United States Constitution;

66.  As a proximate result of defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth in an amount according to proof.

67.  The conduct of defendant officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, and each of them, as set forth herein, was extreme and outrageous and

- 14 -

JOHNSTON V. COUNTY OF SONOMA, ET AL.     COMPLAINT

beyond the scope of conduct which should be tolerated by citizens in a democratic society. However, in order to deliberately injure Plaintiff, defendant officers DEPUTY OFFICER JOHN GILLETTE, DEPUTY OFFICER JEFFREY TONEY, and DEPUTY OFFICER JUAN VELENCIA, and DOES 1 through 100, and each of them, committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon Plaintiff, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

a. For general, special and compensatory damages in an amount to be proven at trial;

b. For punitive damages from all individual defendants, and each of them, in an amount to be shown at trial;

c. For costs of suit incurred in this action;

d. For statutory damages and/or attorney's fees against all defendants as permitted by law;

e. For reasonable attorney's fees as allowed under 42 U.S.C. 1988 and California Code of Civil Procedure section 1021.5; and

f. For such other and further relief as the Court deems proper.

Dated: August 13, 2010

Respectfully submitted,

LAW OFFICES OF RICHARD S. DESAULLES

By: _____
Richard S. deSaulles, Attorney for Plaintiff,
TAMARA JOHNSTON

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated: August 13, 2010

Respectfully submitted,

LAW OFFICES OF RICHARD S. DESAULLES

By: _____
Richard S. deSaulles, Attorney for Plaintiff,
TAMARA JOHNSTON