Bonnie A. Freeman, Esq. (SB 180502)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone: 707-526-4250
Facsimile: 707-526-0347

Attorneys for Defendants County of Sonoma (also erroneously sued as Sonoma County Sheriff's Department), Bill Cogbill, John Gillette, Jeffrey Toney, Juan Valencia

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA JOHNSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; SHERIFF BILL COGBILL, individually and in his capacity as Sheriff of Sonoma County Sheriff's Department; DEPUTY OFFICER JOHN GILLETTE, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; DEPUTY OFFICER JEFFREY TONEY, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; DEPUTY OFFICER JUAN VELENCIA, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; and DOES 1-100, Inclusive,<br><br>  Defendants.<br>_____ / | **No. CV 10 3592 CRB**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS COGBILL, GILLETTE, TONEY AND VALENCIA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[FRCP 12(b)(6)]**<br><br>**Date:** **March 11, 2011**<br>**Time:** **10:00 a.m.**<br>**Location:** **Ctrm. 8, 19th Floor** |

TO PLAINTIFF TAMARA JOHNSTON AND TO HER ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE and notice is hereby given that on March 11, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above entitled court located at 450 Golden Gate Avenue, San Francisco, California, defendants BILL COGBILL, JOHN GILLETTE, JEFFREY TONEY AND JUAN VALENCIA (herein "County defendants") will and do

hereby move to dismiss the Complaint of plaintiff Tamara Johnston, pursuant to Fed. R. Civ. Proc. 12(b)(6) (failure to state a claim upon which relief can be granted) on each and every of the following grounds:

1. The Second Cause of Action (42 U.S.C. §1983– *Monell* Claims) – the sole cause of action against him– fails to state a cognizable claim against Defendant Bill Cogbill, who is entitled to absolute Sovereign Immunity pursuant to the Eleventh Amendment of the United States Constitution. Alternatively, the Complaint fails to allege facts sufficient to state a cognizable claim against him;

2. The Fourth Cause of Action (42. U.S.C. §1983– Failure to Respect Plaintiff's Right to Refuse Medical Treatment) fails to state a cognizable claim against any of the defendants;

3. The Complaint fails to allege facts sufficient to establish a cognizable claim against Defendant Juan Valencia;

4. The Complaint fails to allege facts sufficient to establish a cognizable claim against any of the defendants for violations of the First, Fifth and Eighth Amendments of the United States Constitution.

The motion will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the papers and pleadings on file herein, and on such further matters as the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

This case arises from a response by deputies employed by the County of Sonoma (through its Sheriff's Office) to a domestic disturbance call. The plaintiff Tamara Johnston was arrested for violation of California Penal Code §148(a) as a result of the call, and charges were filed by the Sonoma County District Attorney's Office. On the first day of trial, the charges were conditionally dismissed against plaintiff. (Request for Judicial Notice ("RJN"), Ex. A.)

Plaintiff alleges that her arrest was improper, that she was subject to excessive force, and that several of her constitutional rights were violated in connection with her arrest. The County of Sonoma, which was served December 20, 2010, filed an answer to the claims raised against it in the Second Cause of Action to the Complaint. The individual defendants (each sued in official and

SENNEFF
FREEMAN
BLUESTONE

NO. CV 10-3592 CRB: Defendants' Notice of Motion and Motion to Dismiss Complaint        2

1  individual capacities) were later served through counsel, and now seek dismissal of the complaint on
2  the grounds enumerated in the Notice of Motion.  Even if presumed true, Plaintiff's factual
3  allegations (as opposed to her numerous conclusory statements which fail to meet the pleading
4  standards required to survive a motion to dismiss) do not state facts sufficient to constitute several of
5  the claims she has pleaded against the moving parties.

### A. Non-Conclusory Facts as Pleaded

On August 15, 2008, a neighbor of plaintiff's made a 911 emergency call.  (Complaint, ¶20) The call involved a report of injury to plaintiff from falling in her driveway in front of her house. (¶19) Deputies from the Sonoma County Sheriff's Office responded.  Deputy Valencia is alleged to have been the first deputy to arrive in response to the 911 call.  (¶22).  Plaintiff alleges that Deputy John Gillette entered her yard through a closed gate, found plaintiff on the ground, and ordered her to stand up. (¶23, 26) Deputy Toney also entered the yard.  (¶23) When plaintiff informed Deputy Gillette of her knee injuries, he told plaintiff that medical personnel would treat her injured knee. (¶23, 26, and 27.) Although plaintiff "clearly and unequivocally" informed both Toney and Gillette that she did not wish to receive medical treatment (¶29), she was ordered to stand up by Deputy Gillette. (Id.)  She refused Deputy Gillette's demand.  (¶30) Gillette then grabbed her arms and shoulders in order to force plaintiff to her feet.  (¶31) Deputy Toney "also aggressively grabbed [her] arms and shoulders in an attempt to force [her] to stand on her injured knee."  (¶32) When they were "unable to force plaintiff to stand, they both aggressively and forcefully forced her back onto the ground and handcuffed plaintiff."  (¶34) They both thereafter "forced plaintiff" to submit to medical treatment by paramedics who arrived on the scene.  (¶35)   After receiving medical treatment, she was placed in a police car, and was informed by Deputy Gillette that she was being arrested for "trying to escape" from police. (¶38)

Plaintiff was arrested by Deputy Gillette for violation of Cal. Pen. Code §148(a).[1]  (RJN Ex. A.)  The defense attorney moved to dismiss the charges, *inter alia*, on the grounds that the entry into

---

[1]  Penal Code section 148(a)(1) states: "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, ... , in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment."

the backyard was unconstitutional. (RJN Ex. B.) Evidence was taken thorough testimony, exhibits and briefs, and the motion was denied on May 21, 2009. (Id.) On August 14, 2009, the first day of trial, the case was conditionally dismissed by the District Attorney's office, conditioned on plaintiff's "obeying all laws" for 1 year. (RJN Ex. A.)

## II. LEGAL ARGUMENT

In considering a motion to dismiss, the Court must assume that plaintiff's allegations are true and grant the motion only if it appears that plaintiff cannot prove a set of facts entitling her to relief. *Sun Savings & Loan Assn. v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The court may strike from a pleading any redundant, immaterial, impertinent or scandalous matter in conjunction with and upon motion of a party. Fed. R. Civ. Proc. 12(f), (g).

While the Court must assume the facts alleged in the complaint to be true, the court need <u>not</u> accept as true conclusory allegations or legal contentions. *Western Mining Council v. Watt,* 643 F.2d 618, 630 (9th Cir. 1981). Bare assertions amounting to nothing more than "formulaic recitation of the elements" of a cause of action or claim for relief are conclusory allegations which are not to be assumed true for purposes of the motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

The factual predicate for the plaintiff's claims involve her arrest and subsequent prosecution for charges arising from the arrest and, consequently, judicially noticeable facts from the public record related to the prosecution are appropriate for consideration in a Rule 12(b)(6) motion to dismiss. (Schwarzer et al., *Federal Civil Procedure Before Trial* (TRG 2007) Ch. 9 "Attacking the Pleadings," §9:212.15, citing *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504; *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

### A. DEFENDANT COGBILL SHOULD BE DISMISSED FROM THE COMPLAINT PURSUANT TO ELEVENTH AMENDMENT'S ABSOLUTE SOVEREIGN IMMUNITY.

Bill Cogbill was at all times pertinent to the complaint an elected official, the head of the Sonoma County Sheriff's Department, and is named in his capacity as such. There are no factual

allegations of any wrongdoing by former Sheriff Cogbill.

State officials, like the elected sheriff, sued in official capacity are not considered to be "persons" under 42 U.S.C. §1983 when investigating and enforcing California state laws, and are immune from liability for claims arising from such conduct pursuant to the Eleventh Amendment of the United States Constitution. (*Venegas v. County of Los Angeles*, 32 Cal.4th 820, 829 (2004).)

> [S]tates and state officers sued in their official capacity are not considered persons under section 1983 and are immune from liability under the statute by virtue of the Eleventh Amendment and the doctrine of sovereign immunity. *(Howlett v. Rose* (1990) 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332; *Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 63-67, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45; [other citations omitted]. As *Will* stated, "it does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment [of the United States Constitution] while municipalities are not...." (*Will, supra*, at p. 70, 109 S.Ct. 2304.) *Will* continued, noting that "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [Citation.] As such, it is no different from a suit against the State itself. [Citations.]" (*Id.* at p. 71, 109 S.Ct. 2304.) The rule exempting the state and its officers applies to officers such as sheriffs if they were acting as state agents with final policymaking authority over the complained-of actions. (*McMillian* [*v. Monroe County, Alabama* (1997) 520 U.S. 781] at pp. 784-785, 117 S.Ct. 1734.)

The *Venegas* decision has met with conflicting results in the district courts within California, but in the Northern District, its holding– that elected officials, such as the county sheriff, are entitled to immunity under the Eleventh Amendment when investigating and enforcing State laws– has been applied to bar actions against sheriffs for claims related to such activities. (See, *Walker v. County of Santa Clara*, 2005 WL 2437037, *4 (2005); *Committee for Immigrant Rights of Sonoma County v. Sonoma County*, 2010 WL 2465030, *2. Plaintiff's allegations against the Sheriff (all conclusory) fall flatly within this category of conduct– investigation and enforcement of state laws. It is respectfully requested that former Sheriff Cogbill be dismissed from this suit pursuant to the absolute immunity afforded him by the Eleventh Amendment.[2]

---

[2] Since the County of Sonoma was served before any individuals were served, and at a time when it could not be automatically assumed that the individually named defendants would ever be properly served and pursued, the County filed an answer to the complaint, preserving as an affirmative defense the issue of 11th Amendment immunity. If the Second Cause of Action is dismissed against Sheriff Cogbill, the claim cannot stand against the County either. Respondeat superior liability does not apply in actions under 42 USC §1983. (*Monell v. Dept. of Social Services*, 436 U.S. 658, 691-694 (1978). There are no allegations which implicate the County directly in any of the alleged conduct in the case, other than as an arm of the Sheriff's conduct. The allegations state, in generic and conclusory fashion, that the County and Cogbill ratified conduct of the other defendants and/or failed to properly train or supervise the other defendants. (FAC ¶68) However, conclusory allegations are insufficient to survive a motion to dismiss. (See, e.g., *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).)

**B. ALLEGATIONS FOR "MONELL LIABILITY" DO NOT WITHSTAND THE *IQBAL* PLEADING STANDARDS BY ALLEGING FACTS WITH SUFFICIENT FACTUAL MATTER TO STATE A CLAIM FOR RELIEF.**

Even if Eleventh Amendment immunity did not bar the claims against the Sheriff and County, the plaintiff's complaint cannot survive a motion to dismiss as to Sheriff Cogbill due to the lack of factual support for the *Monell*-based Second Cause of Action. In *Ashcroft v. Iqbal, supra,* 129 S.Ct. at 1949, the Supreme Court discussed the contours of the plausibility standard as applied to conclusory allegations for purposes of a motion to dismiss:

> A claim has facial plausibility, when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

*Id.,* quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 557 (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U..S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009), citing *Ashcroft v. Iqbal, supra.*

Plaintiff's allegations identify no policy, practice or custom with any factual specificity or content such that the Court could infer an unconstitutional practice even if plaintiff's allegations were assumed true. Her allegations state conclusions only: the County and Sheriff "deprived" her of her rights by "enforcing, tolerating, permitting, acquiescing in and applying" unknown policies that subjected her and others to a litany of abuses. (Complaint, ¶57) The claims against Sheriff Cogbill simply do not state facts sufficient to constitute a claim against him, under the standards required at this stage of the proceeding.

**C. NO COGNIZABLE CLAIM HAS BEEN ALLEGED AGAINST DEFENDANT VALENCIA UNDER ANY CAUSE OF ACTION.**

The *Iqbal* pleading standards apply to each of the deputies who are identified as defendants in plaintiff's complaint. As against Deputy Juan Valencia, there is only one fact pleaded: That he was the first of the deputies to arrive on the scene, and that he interviewed plaintiff's husband. (Complaint, ¶22) The remaining allegations are conclusory statements. (Complaint, ¶39, 40, 43, 44,

///

52) None of plaintiff's causes of action asserted against him (Third and Fourth Causes of Action) can be maintained.

### D. NO COGNIZABLE CLAIM HAS BEEN ALLEGED AGAINST DEFENDANTS FOR "FAILURE TO RESPECT PLAINTIFF'S RIGHT TO REFUSE MEDICAL TREATMENT."

Plaintiff's Fourth Cause of Action is entitled: "Failure to Respect Plaintiff's Right to Refuse Medical Treatment."[3] She fails to describe what "medical treatment" she was forced to endure, other than being told that "medical personnel would treat Plaintiff's injured knee." (Complaint, ¶27) Plaintiff alleges that "despite repeated refusals, [defendants] forced plaintiff to submit to medical treatment by paramedics who arrived on scene." (Complaint, ¶35) These are the totality of factual allegations involving the issue of medical treatment.

Defendants have found no authority for the suggestion that having one's knee injury treated by medical staff is the type of medical intrusion that warrants constitutional protection, even if plaintiff were competent to refuse medical treatment on her own behalf. The treatment is not alleged to have been connected, in any way whatever, with proving her guilt or innocence in the criminal proceeding and, indeed, it is difficult to see how it could have been. She alleges that she had a visual injury, that she was bleeding, and that she had a hard time standing on her injured leg.

In the context of invasive medical procedures and/or life-sustaining medical treatment, courts have recognized a liberty interest under the Fourteenth Amendment for pretrial detainees; here, the treatment was provided during the course of plaintiff's arrest, and after she had been handcuffed, according to her allegations. The existence of a "liberty interest" under the Due Process Clause does not end the inquiry; "whether respondent's constitutional rights have been violated must be determined by balancing his liberty interests against the relevant state interests." *Youngberg v. Romeo*, 457 U.S. 307, 321, (1982). See also *Mills v. Rogers*, 457 U.S. 291, 299 (1982); *Cruzan v. Missouri Dept. of Health*, 497 U.S. 261, 278 (1990). Most of the cases discussing this liberty interest

---

[3] Plaintiff recites in this cause of action the First, Fourth, Fifth, Eighth and Fourteenth Amendments, as well as "the right to privacy, as guaranteed by the Untied States Constitution." as the bases for her claim. Cases discussing a persons right to refuse medical treatment, in the pretrial detainee setting, identify that the "privacy" right involved stems from the Due Process Clause of the Fourteenth Amendment. See, *Sullivan v. Bornemann*, 384 F.3d 372, (7th Cir. 2004), citing *Cruzan v. Missouri Dept. of Health,* 497 U.S. 261, 278, fn. 7. If the arrest or formal charges had not taken place at the time the medics looked at plaintiff's injury, then the Fourth Amendment's "reasonableness" standard would remain the "sole standard by which to measure the officers' actions." See, *Phillips v. City of Milwaukee*, 123 F.3d 586 (7th Cir. 1997).

involve claims that law enforcement failed to render adequate aid after the creation of a special relationship (through custodial control). See, *DeShaney v. Winnebago County Dept. of Social Serv.*, 489 U.S. 189, 196 (1989). But those that involve forced treatment involve grave liberty interests, such as the ability to refuse life-sustaining treatment (*Cruzan, supra*) or search and seizure cases examining physically invasive procedures used to retrieve evidence from the person (*Winston v. Lee*, 470 U.S. 753, 766 (1985)). In such cases, the balancing test– personal liberty interests versus relevant state interests– would require evidentiary considerations.

Plaintiff's allegations, on the other hand, do not establish a sufficient liberty interest such that a claim can be established even assuming her allegations are true. There is simply no constitutionally protected interest protecting a person from having a knee looked at by medically trained personnel in response to a 911 call for assistance. Plaintiff's allegations do not, as a matter of law, state a claim for a deprivation of her "right to refuse medical treatment" under either the Fourth or the Fourteenth Amendments.

### E. ALLEGATIONS DO NOT INCLUDE FACTS SUFFICIENT TO SUPPORT CLAIMS UNDER THE FIRST, FIFTH OR EIGHTH AMENDMENTS

Plaintiff includes references to the First, Fifth and Eighth Amendments within each of her causes of action against the defendants. To the extent that plaintiff fails to include any factual allegations which would encompass claims under any of those amendments, references to such claims should be dismissed from the complaint.

Excessive force and search and seizure claims are addressed through the Fourth Amendment (*Graham v. Connor*, 490 U.S. 386, 388 (1989), *abrogated on other grounds* (search and seizure); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (excessive force)) and, as illustrated above, claims arising from wrongfully withholding/forcing medical treatment are analyzed under the Fourth or Fourteenth Amendments, depending on the custodial status of the plaintiff. The First Amendment is not implicated in any of these types of constitutional torts.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, the Eighth Amendment encompasses only punishments imposed upon persons convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520 (1979). Plaintiff does not allege that she was ever convicted of

a crime and, in fact, the records show that she was not convicted due to a conditional dismissal of the charges against her. (RJN, Ex. A.) Defendants request that the Court dismiss any claims asserted under the First, Fifth and Eighth Amendments, accordingly.

### III. CONCLUSION

Based upon all of the foregoing, it is respectfully requested that the Court grant defendants' motion to dismiss in its entirety.

DATED: February 4, 2011

SENNEFF FREEMAN & BLUESTONE, LLP

By: */s/ Bonnie A. Freeman*
Bonnie A. Freeman
Attorneys for Defendants County of Sonoma, Bill Cogbill, John Gillette, Jeffrey Toney and Juan Valencia