Richard S. deSaulles – State Bar No. 255419
LAW OFFICES OF RICHARD S. DESAULLES
479 Pacific Street, Suite 5A
Monterey, California 93940
Telephone: (831) 402-2195
Facsimile: (866) 998-8787
rich@rdlawoffices.com

Attorneys for Plaintiff,
Tamara Johnston

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA JOHNSTON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; SHERIFF BILL COGBILL, individually and in his capacity as Sheriff of Sonoma County Sheriff's Department; DEPUTY OFFICER JOHN GILLETTE, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; DEPUTY OFFICER JEFFREY TONEY, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; DEPUTY OFFICER JUAN VELENCIA, individually and in his capacity as a Deputy with the Sonoma County Sheriff's Department; and DOES 1-100, Inclusive,<br><br>　　　　　　Defendants. | Case No. CV 10-03592 (CRB)<br><br>**PLAINTIFF TAMARA JOHNSON's OPPOSITION TO DEFENDANTS COGBILL, TONEY AND VALENCIA'S MOTION TO DISMISS**<br><br>Original Date:　March 11, 2010<br>Time:　10:00 a.m.<br>Courtroom:　8, 19th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

　　Plaintiff, TAMARA JOHNSTON (hereafter, "Plaintiff"), by and through her respective counsel of record, hereby submits the following in opposition to the Motion of Defendants Bill Cogbill, Jeffrey Toney and Juan Valencia (hereafter, "Defendants") to Dismiss the Complaint of Plaintiff pursuant to Fed. R. Civ. Proc. 12(b)(6) (hereafter, "Motion").

- 1 -

TAMARA JOHNSTON, ET AL. V. COUNTY OF SONOMA, ET AL.　　　　　　PLAINTIFF'S OPPOSITION TO
CASE NO. CV 10-03592 (CRB)　　　　　　　　　　　　　　　　　　DEFENDANTS' MOTION TO DISMISS

# I. INTRODUCTION

The instant action arises from the illegal and improper entry, seizure and arrest of Plaintiff on August 15, 2008 at her home located in the City of Windsor, County of Sonoma, California.

A neighbor saw Plaintiff fall in her driveway and called 911 to report that Plaintiff may have been injured. (Complaint ¶ 20.) When the police arrived, officers without warrants or probable cause, opened a closed gate and entered the private property of Plaintiff. (Complaint ¶ 23.) When officers found Plaintiff lying on the ground in her yard, they demanded that she stand up, but she informed them that she had hurt her knee. (Complaint ¶ 26.)

Plaintiff was informed by Officers Gillette and Toney that medical personnel would treat her injured knee. (Complaint ¶ 27.) Plaintiff clearly and unequivocally informed Officers Gillette and Toney that she did not wish to receive medical treatment, at which point Officer Gillette demanded that she stand up on her injured knee. (Complaint ¶¶ 28, 29.) Plaintiff refused to stand on her injured knee and Officers Gillette and Toney used substantial force to lift Plaintiff off the ground and they tried to force her to stand on her injured knee. (Complaint ¶¶ 31-33.)

Thereafter, Officers Gillette and Toney forced Plaintiff to submit to medical treatment by paramedics who had arrived on the scene. (Complaint ¶ 35.)

Plaintiff was arrested and charged with violating Cal. Penal Code Section 148(a)(1) (resisting, delaying or obstructing a police officer). (Complaint ¶ 41.) The criminal charges against Plaintiff were dismissed on August 14, 2009.

**A.     The Instant Motion.**

In the instant Motion, Defendants advance the following arguments:

1. Plaintiff's Second Cause of Action fails to state a cognizable claim against Sheriff Cogbill, who is entitled to sovereign immunity under the Eleventh Amendment to the Constitution;

2. Plaintiff's Fourth Cause of Action fails to state a cognizable claim against any of the defendants;

- 2 -

3. The Complaint fails to allege facts sufficient to establish a cognizable claim against Defendant Juan Valencia; and

4. The Complaint fails to allege facts sufficient to establish a cognizable claim against any of the defendants for violations of the First, Fifth and Eighth Amendments of the United States Constitution.

For the reasons articulated herein, Plaintiff asks that the instant Motion be denied in its entirety or, in the alternative, Plaintiff be given leave to amend any claims deemed deficient by the Court.

## II. ARGUMENT

### A. Defendants Bear The Burden Of Showing That No Claim Has Been Stated.

Under Fed. R. Civ. Proc. 12(b)(6), the party moving for dismissal has the burden of showing that no claim has been stated. *See, e.g., Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) ("on a 12(b)(6) motion, the moving party bears the burden of demonstrating that the plaintiff failed to state a claim.")

### B. The "Exceedingly Low" Threshold Of Sufficiency For Plaintiff To Defeat A Motion To Dismiss.

Under the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957), the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Hughes v. Rowe*, 499 U.S. 5, 10, 101 S.Ct. 173 (1980) ("complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") Thus, when assessing the sufficiency of a plaintiff's complaint at the motion-to-dismiss stage, courts do not generally require plaintiffs to meet a high threshold. *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) (threshold of sufficiency to which complaint is held at motion-to-dismiss stage is "exceedingly low").

/ / /

/ / /

LAW OFFICES OF RICHARD S. DESAULLES  
479 Pacific Street, Suite 5A  
Monterey, CA 93940

**C.  All of Plaintiff's Allegations Are Accepted As True In Adjudicating a Fed. R. Civ. Proc. Rule 12(b)(6) Motion, And All Reasonable Inferences Must Be Drawn In Favor Of Plaintiff.**

In Adjudicating a Fed. R. Civ. Proc. 12(b)(6) motion, the district court must accept the plaintiff's factual allegations as true. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) ("the well-pleaded material allegations of the complaint are taken as admitted"); *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996) (all allegations of material facts are taken as true on a Rule 12(b)(6) motion).

On a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the plaintiff. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) ("Regarding dismissal under Rule 12(b)(6), we accept the well-plead allegations of the complaint as true, and we construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff"); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993 (in deciding motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff, and the judge may not grant a motion to dismiss based on disbelief of factual allegations).

Courts construe a plaintiff's allegations liberally because the complaint is required only to give general notice of the plaintiff's claim, rather than detailed facts. *See, e.g. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-513, 122 S.Ct. 992 (2002) (the complaint needs only to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"); *United States v. Uvalde Consol. Independent School Dist.*, 625 F.2d 547, 549 (5th Cir. 1980) (initial pleading, which is required only to give notice of claim, must be construed liberally so as to do substantial justice).

LAW OFFICES OF RICHARD S. DESAULLES
479 Pacific Street, Suite 5A
Monterey, CA 93940

### D. Sheriff Cogbill Is Not Entitled To Immunity Under The Eleventh Amendment.

Plaintiff identified Sheriff Bill Cogbill as the commanding officer of defendant officers Gillette, Toney and Velencia, and as the individual responsible for enforcing the regulations of the Sonoma County Sheriff's Department and for ensuring that Sonoma County Sheriff's Department police personnel obey the laws. (Complaint, ¶ 10)

Defendants concede that the *Venegas* decision has met with conflicting results in California. However, Defendants then portray a narrow construction of the claims against Sheriff Cogbill, ignoring the specific *Monell* "pattern and practice" claims identified- other than a brief and curt mention of these claims in a footnote. (Motion, 5: fn2.)

Plaintiff has clearly alleged that Sheriff Cogbill should be held liable under *Monell* for various "pattern and Practice" violations. (Complaint, ¶¶ 13, 14, 57-59.) In particular, Plaintiff has alleged that Sheriff Cogbill "demonstrated a deliberate indifference" to the 'pattern and practice' violations… and that the "lack of an adequate supervisorial response coupled by the ratification and endorsement of the actions of the defendant police officers" demonstrated the existence of both a formal and an informal custom or policy which tolerates and promotes the continued use of unlawful violations of the civil rights of citizens by the Sonoma County Sheriff's Department police officers." (Complaint ¶ 58.)

Accordingly, since Sheriff Cogbill is not sued strictly for the investigation and enforcement of state laws- *Venegas* does not control and the causes of action against Sheriff Cogbill should stand.

### E. Plaintiff had adequately pled facts supporting her claim against Officer Juan Valencia.

Plaintiff's Complaint clearly alleges that Officer Valencia: (1) submitted a police report which contained misrepresentations of fact, false statements, exaggerations, and intentional omissions of material and/or exculpatory facts; (Complaint, ¶ 39) and (2) conspired and acted in concert with codefendants Officer Gillette and Officer Toney in order to cover up the misdeeds of their fellow defendants… by manufacturing police reports which contained

misrepresentations of fact, false statements, exaggerations, and intentional omissions of material and/or exculpatory facts. (Complaint, ¶ 40)

While Plaintiff concedes that Officer Valencia was not as active a participant as Officers Gillette and Toney, his false reports about the incident coupled with his actions taken in concert with Officers Gillette and Toney to cover up the other officers' misdeeds warrants a denial of Defendants' motion to dismiss the claims against Officer Valencia.

### F. The Pleading Standard Argued By Defendants, Even In Light Of Iqbal, Is Unduly Restrictive.

Defendants' arguments regarding federal pleading standards fail to emphasize that *Iqbal* and *Twombly* did not close the doors to discovery on plaintiffs articulating plausible claims for relief. Defendant also understates the Ninth Circuit's recent interpretation of *Iqbal*, as set forth in *Al-Kidd v. Ashcrof*, 580 F.3d 949 (9th Cir. 2009) and *Moss v. U.S. Secret Service* 572 F.3d 962 (9th Cir. 2009). A Court may not, at the pleadings stage, determine that plaintiff will not be able to amass enough proof to win his case, or survive summary judgment. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

[F]or a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service* (2009) 572 F.3d 962.

Defendant is, without directly saying so, asking this Court to rule that Plaintiff cannot sustain certain prima facie claims.

The court can draw the reasonable inference from Plaintiff's Complaint that support each and every cause of action asserted. And, just like *Iqbal* rejects conclusory allegations, Defendant should not be allowed to use conclusory allegations to defeat a well-pled complaint.

A claim has facial plausibility. . . .when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." "Where a complaint pleads facts

- 6 -

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, *Al-Kidd v. Ashcroft* (9th Cir. 2009) 580 F.3d 949, 976.

Plaintiff's claims, particularly her *Monell* claims, shall require require discovery to prove. Even if the Court believes it unlikely that she will be able to amass the necessary evidence to support those claims, disposition of these claims at this early stage is improper and should not be undertaken, at the very least without giving Plaintiff leave to amend her claims.

### G. The Right To Refuse Medical Treatment Has Been Recognized As A Sacred And Fundamental Constitutional Right.

A competent person has a constitutionally protected liberty interest to refuse unwanted medical treatment. *Cruzan v. Director, Missouri Dept. Of Health*, 497 U.S. 261, 278, 110 S.Ct. 2841, 2851 (1990).

More than a century ago, the United States Supreme Court declared, no right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. . . . 'The right to one's person may be said to be a right of complete immunity: to be let alone.' *Union Pacific Railway Co. v. Botsford*, 141 U.S. 250, 251, 11 S.Ct. 1000 (1891). Speaking for the New York Court of Appeals, Justice Benjamin Cardozo echoed this precept of personal autonomy in observing, "Every human being of adult years and sound mind has a right to determine what shall be done with his own body . . .." *Schloendorff v. Society of New York Hospital*, 211 N.Y. 125, 105 N.E. 92, 93 (1914) (overruled on other grounds in *Bing v. Thunig*, 2 N.Y.2d 656, 143 N.E.2d 3). And nearly four decades ago, Justice Mosk reiterated the same principle for the California Supreme Court: "[A] person of adult years and in sound mind has the right, in the exercise of

LAW OFFICES OF RICHARD S. DESAULLES
479 Pacific Street, Suite 5A
Monterey, CA 93940

control over his body, to determine whether or not to submit to lawful medical treatment." *Cobbs v. Grant*, 8 Cal.3d 229, 242, 104 Cal.Rptr. 505, 502 (1972).

The California Supreme Court has more recently reaffirmed the basic and "fundamental right" to refuse treatment- even when a refusal of the proposed medical treatment may cause or hasten death. *Thor v. Superior Court*, 21 Cal. Rptr 2d 357 (1993) (quadriplegic prisoner could refuse gastrostomy tube for feeding and medication). For example, under the California Constitution, prison officials may not force a prisoner to undergo medical treatment involuntarily if the prisoner is competent to refuse treatment, unless treatment is required by prison security or a similar countervailing state interest. *In re Qawi*, 32 Cal.4th 1, 21-23, 7C (2004); *People v. Kirkland*, 24 Cal.App.4th 891, 907-908, 29 Cal.Rptr.2d 863 (1994).

A person's interest in personal autonomy and self-determination is a fundamentally commanding one, with well-established legal and philosophical underpinnings. *See, e.g., Thor v. Superior Court*, 5 Cal.4th 725 (1983). This right, however, is not absolute. As *Cruzan*, 497 U.S. at 279, explains, whether a person's constitutionally protected liberty interest in refusing unwanted medical treatment has been violated "must be determined by balancing his liberty interests against the relevant state interests." Nevertheless, where an official could be expected to know that certain conduct would violate statutory or constitutional rights, [the official] should be made to hesitate. *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727 (1982).

In the instant Motion, Defendants seek dismissal of Plaintiff's Fourth Cause of Action on the basis of a superficial argument that there "is simply no constitutionally protected interest protecting a person from having a knee looked at by medically trained personnel in response to a 911 call for assistance." (Motion, 8:9-11.) As expressed above, there is ample support in the law of an individual's constitutionally protected right to refuse medical treatment—regardless of how intensive or minimal such treatment may be. Plaintiff also wishes to remind the Court that it was a neighbor, not Plaintiff, who made the 911 call to police on the night of the incident.

That Plaintiff was forced by police officers to submit to unwanted medical treatment was clearly pled in her Complaint.

- 8 -

Whether Plaintiff's constitutionally protected liberty interest in refusing unwanted medical treatment has been violated <u>must</u> be determined by balancing her liberty interests against the relevant state interests. The argument advanced by Defendants, that Plaintiff being forced to receive treatment of her injured knee was not a "sufficient" liberty interest (Motion, 8:8-9) raises factual arguments that are premature and immaterial to the instant Motion, which demands that all of Plaintiff's factual assertions be deemed true, and that all inferences be drawn in favor of Plaintiff. Further, Defendant's 12(b)(6) motion as to Plaintiff's Fourth Cause of Action should only be granted were there no evidence favoring Plaintiff's liberty interest to refuse medical treatment. As there is ample caselaw supporting this "sacred" and "fundamental" constitutional right of Plaintiff, Defendants' request to dismiss Plaintiff's Fourth Cause of Action should be denied.

### H. Even If The Failure To Include Additional Allegations Supporting Plaintiff's Claims Against The Defendants Was Defective, Such A Defect Is Correctable By Amendment.

To strike out a pleading that is susceptible to being amended by a statement of facts known to exist and that constitutes a cause of action is a harsh proceeding and should only be resorted to in cases of willful neglect, inexcusable carelessness, or irreparable injury to the opposing party. *Allerton v. King*, 96 Cal.App. 230, 234 (1929) (see *Hopkins v. Hopkins*, 116 Cal.App.2d 174, 179 (1953)); *Burns v. Scooffy*, 98 Cal. 271, 276 (1893). A plaintiff in a civil rights action is permitted to amend the complaint where, although the initial complaint was arguably conclusory and too broad in the scope of allegations, additional facts which plaintiff alleged in affidavit form, if properly pleaded, could provide a basis for the complaint which could withstand a Rule 12(b)(6) motion. *Williams v. Okoboji*, 606 F.2d 812 (1979).

/ / /

/ / /

/ / /

/ / /

LAW OFFICES OF RICHARD S. DESAULLES
479 Pacific Street, Suite 5A
Monterey, CA 93940

- 10 -

1  Accordingly, should this Court conclude that any part of the Complaint is deficient, Plaintiff requests that she be granted leave to amend.

Dated: February 18, 2011

Respectfully submitted,

LAW OFFICES OF RICHARD S. DESAULLES

By:   */s/ Richard S. deSaulles*
Richard S. deSaulles
Attorney for Plaintiff Tamara Johnston

LAW OFFICES OF RICHARD S. DESAULLES
479 Pacific Street, Suite 5A
Monterey, CA 93940

- 10 -

TAMARA JOHNSTON, ET AL. V. COUNTY OF SONOMA, ET AL.
CASE NO. CV 10-03592 (CRB)

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS