1

2

3

4

5

6

7                  IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12   TAMARA JOHNSTON,                      Case No.: 10-cv-3692 JSC

13              Plaintiff,                 **ORDER RE: MOTION TO BE RELIEVED AS PLAINTIFF'S COUNSEL (Dkt. No. 41)**

14       v.

15

16   DEPUTY OFFICER JOHN GILLETTE,
     et. al.,

17

18              Defendants.

19

20        Pending before the Court is Plaintiff's counsel's Motion to Be Relieved as Counsel per

21   Local Rule 11-5.  (Dkt. No. 41).  Having reviewed the papers and had the benefit of argument

22   on May 30, 2012, the Court GRANTS the motion.

23                                    **BACKGROUND**

24        Tamara Johnston filed suit against the County of Sonoma, its elected Sheriff, and

25   three deputy sheriffs who responded to a 911 call for assistance from Johnston's neighbor.

26   The case originally asserted four claims under 42 U.S.C. § 1983: excessive force,

27   Monell, unlawful seizure and imprisonment, and forced medical treatment.  District Court

28   Judge Breyer previously granted Defendants' Motion to Dismiss in part and Defendants'

     Motion for Partial Summary Judgment such that the only remaining claim is a claim for

United States District Court
Northern District of California

1    excessive force against Defendants John Gillette and Jeffrey Toney.  (Dkt. Nos. 16, 29).  On

2    April 27, 2012, the parties filed their consent to have the case reassigned to the undersigned

3    Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 36).  Trial is scheduled to

4    commence on June 11, 2012.

5         On May 18, 2012, Plaintiff's Counsel filed the underlying Motion to be Relieved as

6    Counsel.  Counsel asserts that it has become unreasonably difficult for him to effectively

7    carry out his employment as Plaintiff's counsel.  (Dkt. No. 41-4, ¶ 9).  On May 30, 2012,

8    counsel informed the Court <u>in camera</u> of the circumstances giving rise to the motion.

9                                     **DISCUSSION**

10        Pursuant to the Local Rules, "[c]ounsel may not withdraw from an action until relieved

11   by order of the Court after written notice has been given reasonably in advance to the client

12   and to all other parties who have appeared in the case."  Civ. L.R. 11-5(a).  Further, "[w]hen

13   withdrawal by an attorney from an action is not accompanied by simultaneous appearance of

14   substitute counsel or agreement of the party to appear pro se, leave to withdraw may be

15   subject to the condition that papers may continue to be served on counsel for forwarding

16   purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).  In

17   this district, the conduct of counsel, including withdrawal of representation, is governed by

18   the standards of professional conduct required of members of the State Bar of California.  <u>See</u>

19   <u>California Native Plant Society v. United States E.P.A.</u>, 2008 WL 4911162 (N.D. Cal. Nov.

20   14, 2008).  Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may

21   request permission to withdraw if the client's "conduct renders it unreasonably difficult for

22   the [attorney] to carry out the employment effectively."  The decision to grant or deny a

23   motion to withdraw as counsel is committed to the sound discretion of the trial court.  <u>See</u>

24   <u>LaGrand v. Stewart</u>, 133 F.3d 1253, 1269 (9th Cir. 1998).

25        Here, counsel's motion states that "Plaintiff has failed to respond in any way" to

26   correspondence and "continued representation of Plaintiff would result in an unreasonable

27   financial burden" on counsel.  (Dkt. No. 41, p. 3).  Plaintiff's counsel, Mr. deSaulles,

28   explained the basis of the motion <u>in camera</u> at oral argument.  Plaintiff was represented for

1  purposes of the hearing by her husband, Richard Johnston, who is an attorney admitted to

2  practice before this Court.  Mr. Johnston indicated that Plaintiff does not oppose the motion to

3  withdraw, but seeks a continuance of the trial date if the motion is granted to allow new

4  counsel sufficient time to adequately prepare.

5       As set forth at oral argument, the Court finds good cause to grant counsel's Motion to

6  be Relieved as Counsel.  While the Court understands Defendants' objection to a continuance

7  of the trial date, the Court finds that the prejudice to Plaintiff from not continuing the trial

8  outweighs any prejudice to Defendants; accordingly, the Court will continue the trial date to

9  afford Plaintiff the opportunity to obtain new counsel.

### CONCLUSION

11       Based on the foregoing, the Court GRANTS counsel's Motion to be Relieved as

12  Counsel per Local Rule 11-5.  (Dkt. No. 41).  The Clerk shall amend the docket to indicate

13  that Plaintiff is appearing pro se.  Until Plaintiff procures new counsel, papers shall continue

14  to be served on former counsel Richard deSaulles for forwarding purposes and on Plaintiff

15  individually.  Mr. deSaulles shall immediately advise the Court of Plaintiff's current address

16  and the Clerk shall amend the docket to reflect this information.  Plaintiff is obligated to keep

17  the Court informed of her current address.

18       The Court VACATES the June 11, 2012 trial date to allow Plaintiff an opportunity to

19  obtain new counsel.  The trial date is continued until October 1, 2012.  The Final Pretrial

20  Conference is scheduled for September 13, 2012 at 2:00 p.m.  Any further motions to

21  continue the trial date will be disfavored.

22       Mr. deSaulles shall  serve a copy of this Order on Plaintiff within three days and shall

23  file a proof of service with this Court.

24       **IT IS SO ORDERED.**

26  Dated: May 30, 2012

27                                                JACQUELINE SCOTT CORLEY

28                                                UNITED STATES MAGISTRATE JUDGE